# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EUGENE STROH,

        Petitioner,                    Case Number: 2:18-CV-11838
                                                  HONORABLE NANCY G. EDMUNDS

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner Eugene Stroh, currently in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the sentences imposed for his convictions for first-degree home invasion, fleeing and eluding, restricting and obstructing a police officer, and malicious destruction of property. It is apparent from the face of the petition that habeas relief is not warranted. Therefore, the Court denies the petition. The Court also denies a certificate of appealability.

## I. Background

Petitioner pleaded guilty in St. Clair County Circuit Court to first-degree home invasion, Mich. Comp. Laws § 750.110a, fleeing and eluding a police officer, Mich. Comp. Laws § 257.602a, restricting and obstructing a police officer, Mich. Comp. Laws § 750.81d, and malicious destruction of property, Mich. Comp. Laws § 750.377a. On July

23, 2012, he was sentenced as a third habitual offender to 10 to 20 years imprisonment for the home invasion and fleeing and eluding a police officer convictions, 4 to 8 years for the restricting and obstructing a police officer convictions, and to time served for the malicious destruction of property conviction.

In 2015, Petitioner filed a motion for relief from judgment in the trial court, which the trial court denied on September 8, 2016. The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal. *People v. Stroh*, No. 335564 (Mich. Ct. App. March 9, 2017). On December 27, 2017, the Michigan Supreme Court also denied leave to appeal. *People v. Stroh*, 501 Mich. 947 (Mich. Dec. 27, 2017).

Petitioner then filed this habeas corpus petition. He argues for habeas corpus relief on the ground that the trial court judge exceed his sentencing guidelines.

## II. Discussion

### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may

establish the violation of a federal constitutional right. The petition will be dismissed.

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### B.

Petitioner argues that habeas relief should be granted because the sentencing judge exceeded the sentencing guidelines.

"The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution

establish the violation of a federal constitutional right. The petition will be dismissed.

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### B.

Petitioner argues that habeas relief should be granted because the sentencing judge exceeded the sentencing guidelines.

"The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution

or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010), quoting 28 U.S.C. § 2254(a). A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *See Cotton v. Mackie*, No. 17-1059, 2017 WL 3686510, *2 (6th Cir. May 23, 2017), citing *Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Habeas relief is denied.

### III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## IV. Conclusion

For the reasons set forth above, the court finds that Petitioner is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

X *Nancy Edmunds*
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: 7-9-18